**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| LARRY FRANKIE JOHNSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | 1:11CR359-2<br>1:13CV725 |

## **MEMORANDUM OPINION, ORDER, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket Entry 56) (hereinafter "Section 2255 Motion"), as amended by his Memorandum of Law in Support of his Motion pursuant to 28 U.S.C. § 2255 (Docket Entry 61) (hereinafter "Supporting Memorandum") and his revised Memorandum of Law in Support of His Motion pursuant to 28 U.S.C. § 2255 (Docket Entry 67) (hereinafter "Revised Supporting Memorandum").[1] For the reasons that follow, the Court should deny (on the merits) all of Petitioner's claims, except his claim that his counsel provided constitutionally ineffective assistance by failing to appeal, as to which claim the Court should defer adjudication pending an evidentiary hearing.

---

[1] Parenthetical citations refer to Petitioner's criminal case.

INTRODUCTION

This Court (per then-Chief United States District Judge James A. Beaty, Jr.) entered a Judgment against Petitioner imposing, inter alia, a prison term of 188 months, after his guilty plea to conspiracy to distribute 28 grams or more of cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). (Docket Entry 52; see also Docket Entry 1 (Indictment); Docket Entry 39 (Plea Agreement); Docket Entry dated Apr. 13, 2012 (documenting guilty plea); Docket Entry dated Sept. 5, 2012 (documenting sentencing); Docket Entry 63 (Plea Hrg. Tr.); Docket Entry 64 (Sent'g Hrg. Tr.).) Petitioner did not appeal. (See Docket Entry 56, ¶ 8; see also Docket Entries dated Sept. 5, 2012, to present.) He did, however, file the instant Section 2255 Motion (Docket Entry 56), followed shortly by his Supporting Memorandum (Docket Entry 61).

Petitioner thereafter simultaneously filed a Motion to Amend (Docket Entry 66) and his Revised Supporting Memorandum (Docket Entry 67). The Court (per the undersigned Magistrate Judge) then extended the time for the United States to respond to Petitioner's Section 2255 Motion,[2] while at the same time requiring that, in so responding, the United States address any matters newly-raised in

---

[2] Pursuant to Rule 4(b) of the Rules Governing Sect. 2255 Proceedings, the Court (per the undersigned Magistrate Judge) previously had ordered the United States to respond to Petitioner's Section 2255 Motion and his (then-anticipated) Supporting Memorandum. (Docket Entry 58 at 1-2.)

Petitioner's Revised Supporting Memorandum. (See Text Order dated Apr. 9, 2014; see also Text Order dated Mar. 13, 2015 (allowing Petitioner's Motion to Amend by deeming newly-raised matters in his Revised Supporting Memorandum to constitute part of this collateral action).) The United States responded (Docket Entry 71) and, despite notice of his right to reply (Docket Entry 72), Petitioner filed none (see Docket Entries dated Apr. 25, 2014, to present).

## DISCUSSION

Petitioner's Section 2255 Motion nominally asserts one ground for relief, but actually identifies three separate claims, i.e., the following alleged instances of constitutionally ineffective assistance of counsel:

1) "counsel allowed [Petitioner] to enter into a plea agreement uninformed of the law in relation to the facts of his case" (Docket Entry 56, ¶ 12(Ground One));

2) "counsel was ineffective for failing to object to the Government's use of [Petitioner's] non-qualifying prior state convictions, used to enhance [his] statutory mandatory minimum sentence and for the guidelines enhancement under U.S.S.G. § 4B1.1 at the sentencing phase" (id.); and

3) "counsel was ineffective for failing to notice a direct appeal, as instructed by [Petitioner]" (id.).

Petitioner's Supporting Memorandum presents a fourth claim, i.e., that "counsel was Constitutionally ineffective, when he

3

failed to admonish the [C]ourt . . . that after United States v. Booker, 543 U.S. 220 (2005) the United States Sentencing Guidelines were 'only' advisory . . . and that it was at liberty to depart both horizontally and vertically (within the [C]areer [O]ffender guidelines) and/or exercise its equitable powers in fashioning a remedy under a non-Guidelines sentence under 18 U.S.C. § 3553(a)[.]" (Docket Entry 61 at 7 (internal brackets and parallel citations omitted).)[3]

As to each of his four ineffective assistance claims, Petitioner must show that his counsel's performance fell below a reasonable standard for defense attorneys and that prejudice resulted. See Strickland v. Washington, 466 U.S. 668, 687–94 (1984). "Surmounting Strickland's high bar is never an easy task. . . . [T]he standard for judging counsel's representation is a most deferential one." Harrington v. Richter, 562 U.S. 86, 105 (2011) (internal quotation marks omitted).

---

[3] "Federal Rule of Civil Procedure 15(a) . . . spells out the standards for amending pleadings." United States v. MacDonald, 641 F.3d 596, 616 (4th Cir. 2011); see also id. at 616 n.12 ("Rule 15 is applicable to § 2255 motions by way of 28 U.S.C. § 2242, Federal Rule of Civil Procedure 81(a)(4), and Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts."). Under said Rule, Petitioner could amend once as a matter of course up until 21 days after the United States responded to the Petition (as required by the Court and Rule 4(b) of the Rules Governing Section 2255 Proceedings). See Fed. R. Civ. P. 15(a)(1). As a result, at the time Petitioner asserted the Booker-based claim in his Supporting Memorandum, he could do so without obtaining leave of the Court. Nor has the United States opposed that claim on timeliness grounds. (See Docket Entry 71 at 20-21.)

4

## Guilty Plea Ineffectiveness

Petitioner's Section 2255 Motion contains no factual support for his first claim, i.e., that his counsel provided ineffective assistance in connection with his guilty plea by allowing him to plead guilty while "uninformed of the law in relation to the facts of his case" (Docket Entry 56, ¶ 12(Ground One)). (See id.) Nor do Petitioner's Supporting Memorandum and/or Revised Supporting Memorandum address said claim. (See Docket Entries 61, 67.)[4] Petitioner's guilty plea ineffective assistance claim is thus "vague, conclusory, speculative, and unsupported and fails for all of these reasons." Cabrera v. United States, Nos. 1:09CR323-1, 1:12CV695, 2014 WL 6386902, at *9 (M.D.N.C. Nov. 14, 2014) (unpublished) (Osteen, C.J.); see also United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." (internal quotation marks omitted)); Whitley v. United States, Nos. 1:03CR445, 1:12CV67, 2014 WL 4443295, at *6 n.1 (M.D.N.C. Sept. 9, 2014) (unpublished)

---

[4] Under the heading "ARGUMENT," Petitioner's Supporting Memorandum expressly identifies three ineffective assistance claims: 1) failure to file an appeal; 2) failure to argue for a non-Guidelines sentence based on Booker; and 3) failure to object to the convictions used to invoke the Career Offender guideline. (See Docket Entry 61 at 3-12.) His Revised Supporting Memorandum presents the same arguments about the same three claims, but adds another section discussing a further challenge that his counsel allegedly should have raised to the convictions used to invoke the Career Offender guideline. (See Docket Entry 67 at 3-15.)

5

(recommendation of Webster, M.J., adopted by Beaty, S.J.) ("Unsupported, conclusory allegations do not warrant an evidentiary hearing, much less relief. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999).").

Of particular note, given the nature of this claim (i.e., inadequate advice about a plea), "to satisfy [Strickland's] 'prejudice' requirement, [Petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Petitioner has made no such showing. (See Docket Entry 56, ¶ 12(Ground One); Docket Entry 61; Docket Entry 67.) Instead, he "has provided only conclusory allegations which meet neither the error nor the prejudice prong of the Strickland analysis." Cano v. United States, Nos. 1:05CR354-4, 1:09CV321, 2009 WL 3526564, at *3 (M.D.N.C. Oct. 22, 2009) (unpublished) (Dietrich, M.J.), recommendation adopted, slip op. (M.D.N.C. Dec. 29, 2009) (Beaty, C.J.).

Finally, the record reflects that Petitioner entered a knowing and voluntary guilty plea, pursuant to a written plea agreement that accurately described, inter alia, his rights, the potential penalties, and the sentencing process (see Docket Entry 39 at 1-6) and after a thorough colloquy with the Court that fully satisfied the requirements of Federal Rule of Criminal Procedure 11(b) (see

6

Docket Entry 63 at 3-16). "A defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity, because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (internal brackets, citations, ellipses, and quotation marks omitted). "Thus, in the absence of extraordinary circumstances, . . . a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the [defendant's] sworn statements." Id. at 221-22. Petitioner has shown no such extraordinary circumstances (see Docket Entry 56, ¶ 12(Ground One); Docket Entry 61; Docket Entry 67) and his guilty plea ineffectiveness claim thus fails as a matter of law on that basis as well.

Sentencing Ineffectiveness - Prior Convictions

Next, Petitioner's Section 2255 Motion complains that "[his] counsel was ineffective for failing to object to the Government's use of [Petitioner's] non-qualifying prior state convictions, used to enhance [his] statutory mandatory minimum sentence and for the guidelines enhancement under U.S.S.G. § 4B1.1 at the sentencing phase of [his] case[.]" (Docket Entry 56, ¶ 12(Ground One).)[5]

---

[5] As the United States noted in its Response (Docket Entry 71 at 17), the record reflects no filing of an Information of Prior Conviction under 21 U.S.C. § 851 to enhance the statutory penalties
(continued...)

Petitioner's Supporting Memorandum refines and/or develops that claim in two distinctive respects, first as follows:

> Petitioner's counsel was Constitutionally ineffective, when he failed to timely and both make an explicit -- in writing -- objection to the Petitioner's career offender designation and enhancement, as result thereof, or object to the *multiple splitting [sic] of convictions from the modus operandi model*, so as to count individually for guidelines criminal history points or any other calculation[.]
>
> The issue complained of here is *the record's ambiguous, as to, which set of prior felony conviction(s) (drugs), in which the [C]ourt relied on for the purposes of [] Petitioner having been designated a career offender*. There are two groupings of apparent qualifying felony offense(s) . . . .
>
> . . . *[T]he conviction(s) in **Group 1**, are sentences that resulted from convictions for offenses that were part of a single common scheme or plan and are considered related, and are not to be counted separately; as the same can be said about Group 2 and its underlying convictions*. See U.S.S.G. § 4A1.2 cmt. n.3.
>
> Therefore, ***Group 1*** *and its underlying conviction(s) were tried and consolidated for judgment and sentencing purposes, as well as,* ***Group 2*** *and its underlying conviction(s)*. The Point is that, *the individual conviction(s) within each individual* ***Group*** *(1 or 2) shared a similar modus operandi and were, in fact,*

---

[5](...continued)
applicable to Petitioner under 21 U.S.C. § 841(b)(1)(B) (see Docket Entries dated Oct. 31, 2011 (date of indictment), to Sept. 5, 2012 (date of sentencing); see also Docket Entry 63 at 10-11 (setting forth the Court's explanation to Petitioner, during plea colloquy, that he faced "imprisonment of not less than 5 years, up to a maximum of 40 years," consistent with non-enhanced penalties established by 21 U.S.C. § 841(b)(1)(B) for conspiracy to distribute 28 grams or more of cocaine base)). Accordingly, any ineffective assistance claim predicated on the notion that Petitioner received such a statutory enhancement lacks merit.

>               *"consolidated," and therefore, are not [to] be counted --
>               for guidelines purposes -- as individual convictions* to
>               subject one to any adverse-effect, as would be the result
>               of counting each conviction, as a single predicate in and
>               of itself.

(Docket Entry 61 at 8-10 (emphasis via bold and underlined text in original) (emphasis via italics added); see also id. at 9 (identifying as "**Group 1**" three heroin-based offenses "**Consolidated** for judgment" in 1996, as set out in "Paragraph 35, Page 11, of the PSR [Presentence Report]" and identifying as "**Group 2**" two cocaine-based offenses "**Consolidated** for judgment" in 1999, as set out in "Paragraph 38, Page 12, of the PSR" (emphasis in original)); see also Docket Entry 61-3 at 3-4 (copies, filed by Petitioner, of pages 11 and 12 of his PSR, containing Paragraphs 35 and 38).)

The above-quoted language thus contends that Petitioner's counsel should have objected to the Career Offender designation under U.S.S.G. § 4B1.1,[6] on the grounds that: A) Petitioner's three prior heroin-based offenses documented in PSR Paragraph 35 that made up "Group 1" each involved the same modus operandi, constituted part of a common scheme or plan, and resulted in one consolidated judgment, such that they do not qualify as separate

---

[6] "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

9

convictions; B) Petitioner's two cocaine-based offenses documented in PSR Paragraph 38 that made up "Group 2" each involved the same modus operandi, constituted part of a common scheme or plan, and resulted in one consolidated judgment, such that they do no qualify as separate convictions; and C) "the record's ambiguous, as to, which set of prior felony conviction(s) (drugs), in which the [C]ourt relied on for the purposes of [] Petitioner having been designated a career offender." These arguments fail as a matter of law because the Sentencing Guideline calculations in the PSR (which the Court adopted at sentencing (Docket Entry 64 at 3, 10-11)) do not treat the offenses within Group 1 or the offenses within Group 2 as separate convictions for purposes of the Career Offender guideline (or for any other purpose under the Sentencing Guidelines) and do not otherwise manifest any ambiguity.

To the contrary, as the Response by the United States observes:

> Petitioner's qualifying [C]areer [O]ffender convictions were identified in Paragraph 17 of the PSR. The first, referenced in Paragraph 35 . . . is a conviction that consolidated for judgment one count of Felony Sell Heroin (95CRS82267), one count of Felony Conspiracy to Sell Heroin (95CRS82268), and one count of Felony Possession with Intent to Sell Heroin (96CRS22030) that was imposed on March 4, 1996, for which Petitioner received an 11 to 14 month sentence of imprisonment. The second, referenced in Paragraph 38 of the PSR, is one count of Felony Sell/Deliver Cocaine (98CRS21726) that was consolidated with a Felony Possession with Intent to Sell/Deliver Cocaine imposed on May 19, 1999, for which [] Petitioner received a 13 to 16 month sentence of imprisonment. . . . Contrary to Petitioner's assertion

10

> that he did not have sufficient notice as to which convictions might qualify as [C]areer [O]ffender predicates, Paragraph 17 neatly outlined the relevant controlled substance offense convictions supporting the enhancement.

(Docket Entry 71 at 18-19.) In other words, the PSR clearly relied on the three, consolidated heroin-based offenses documented in Paragraph 35 of the PSR as the first predicate conviction for purposes of the Career Offender guideline and the two, consolidated cocaine-based offenses documented in Paragraph 38 of the PSR as the second predicate conviction for purposes of the Career Offender guideline. Accordingly, contrary to Petitioner's suggestion, the PSR's proposed findings regarding the Career Offender guideline did not "present an insufficient notice problem, violative of the precepts of the Fifth Amendment" (Docket Entry 61 at 10) and the Court should reject Petitioner's contention that "it was objectively unreasonable for [his] counsel to have not objected to the [C]areer [O]ffender designation [on that ground]" (id.).

Perhaps anticipating the futility of his above-discussed, primary argument(s), Petitioner's Supporting Memorandum identifies a separate challenge his counsel purportedly should have lodged against the convictions underlying his Career Offender designation, i.e., that the Court should not treat "the conviction(s) under **Group 1** [for the three heroin-based offenses] . . . as countable towards a sentencing enhancement under U.S.S.G. § 4B1.1, when the convictions falls [sic] amok of U.S.S.G. § 4A1.2(e)(1)'s dictates

11

(the fifteen (15) year window) on U.S.S.G. § 4B1.1." (Docket Entry 61 at 11 (internal footnote omitted).) The United States also has well-explained why that argument falls short:

> U.S.S.G. § 4A1.2(e)(1) dictates that a "prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense" is countable for criminal history points purposes. Petitioner was released from imprisonment on the 1996 conviction on January 16, 1997, and committed the instant conspiracy offense in November of 2010. (See PSR ¶ 35; DE #1). Thus, the 1996 conviction is one that was imposed within 15 years of the commencement of the instant offense in November of 2010. Alternatively, the conviction could count because it "resulted in the defendant being incarcerated [in 1997] during any part of such fifteen-year period." § 4A1.2(e)(1). Under either prong of § 4A1.2(e)(1), the 1996 conviction properly counted in the application of the career offender enhancement under U.S.S.G. § 4B1.1. Accordingly, Petitioner cannot establish either deficient performance or resulting prejudice regarding this issue.

(Docket Entry 71 at 19-20 (brackets in original).)

As a final matter, Petitioner's Revised Supporting Memorandum repeats the same arguments as to the Career Offender guideline discussed above (see Docket Entry 67 at 8-12), but then adds another section of argument under the heading: "Petitioner's counsel was Constitutionally ineffective, when he failed to bring to the [C]ourt's attention, the fact, that under Group(s) 1 & 2's multiple convictions were only to be counted under the U.S.S.G. § 4B1.2(c) and N.C. Gen. Stat. § 15A-1340.15(b) as to single felony convictions for [C]areer [O]ffender purposes" (id. at 13). That portion of the Revised Supporting Memorandum states that:

12

The plain language of U.S. Sentencing Guidelines Manual § 4B1.2(c) (which is to be cross-referenced and is applicable to § 4B1.1, per § 4A1.2, cmt., application n.3) requires that a defendant can only be sentenced as a career offender if he received "sentences for at least two" prior felonies. . . .

Moreover, when a North Carolina court consolidates offenses for judgment, the outcome is a single judgment for which the length of the sentence is controlled by the maximum sentence for the most serious offense. . . .

Where a defendant (as the Petitioner herein) receives a "consolidated sentence" (or "consolidated judgment") under North Carolina law, it is one sentence for purposes of U.S. Sentencing Guidelines Manual §§ 4B1.1, 4B1.2(c), and absent another qualifying sentence, the enhancement is inapplicable. . . .

. . . [I]t is not clear from [] Petitioner's "PSR" record or otherwise, whether [the] government (or probation officer) in this case relied on or specifically counted Group 1 felony conviction(s) individually for the [purpose of] U.S.S.G. § 4B1.1 (career offender enhancement) or Group 2's felony convictions for the purpose of the same. . . .

Therefore, under the Fourth Circuit's holding in United States v. Davis, 720 F.3d 215 (4th Cir. 2013), [] Petitioner's [C]areer [Offender] designation is a error.

. . . [I]t was objectively reasonable for Petitioner's counsel to have known the preciseness of the U.S. Sentencing Guidelines, as it relates to the case (§ 4B1.2(c) as it relates to the prior felony convictions and whether convictions in Group 1 or 2 were improperly counted as individual predicate convictions for [C]areer [O]ffender purposes under § 4B1.1).

. . . Petitioner's counsel was ineffective, and this necessarily prejudiced [] Petitioner because, this resulted in [] Petitioner being illegally enhanced under the U.S. Sentencing Guidelines unnecessarily; in which a simple parsing of the law would have revealed to the attorney the fatal flaw.

(Id. at 13-15 (internal brackets omitted).)

13

The foregoing argument effectively restates arguments (discussed above) that appear in the Supporting Memorandum (and elsewhere in the Revised Supporting Memorandum). (See Docket Entry 61 at 9-10 ("[T]he individual conviction(s) within each individual **Group** (1 or 2) . . . were, in fact, 'consolidated,' and therefore, are not [to] be counted -- for guidelines purposes as individual convictions to subject one to any adverse-effect, as would be the result of counting each conviction, as a single predicate in and of itself." (bold in original)); see also Docket Entry 67 at 9-10 (same)).[7] In other words, this portion of the Revised Supporting Memorandum reasserts the contention that the PSR based the Career Offender designation not on 1) the three, consolidated heroin-based offenses in Paragraph 35 of the PSR (i.e., "Group 1") and 2) the two, consolidated cocaine-based offenses in Paragraph 38 of the PSR (i.e., "Group 2"), but rather on multiple offenses within Group 1

---

[7] Because this part of the Revised Supporting Memorandum simply reiterates a challenge to the Career Offender designation that Petitioner timely presented in his Section 2255 Motion (and developed in his Supporting Memorandum), purportedly bolstered by additional legal authority (i.e., Davis), the Court should deem it timely under 28 U.S.C. § 2255(f), pursuant to the relation-back principles codified by Federal Rule of Civil Procedure 15(c)(1)(B), notwithstanding the contrary position of the United States (see Docket Entry 71 at 23-25). See Mayle v. Felix, 545 U.S. 644, 664 (2005) ("So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order."); see also id. at 664 n.7 (citing with approval 3 J. Moore, et al., Moore's Federal Practice § 15.19[2] (3d ed. 2004), for proposition that "relation back ordinarily will be allowed 'when the new claim is based on the same facts as the original pleading and only changes the legal theory'").

or multiple offenses within Group 2.  For reasons detailed above, the record directly refutes that contention.

To the extent the reference to Davis in the Revised Supporting Memorandum represents something new raised by Petitioner, he still has failed to show any basis for relief because, as the United States has noted, "Petitioner's case is distinguishable from the holding in Davis."  (Docket Entry 71 at 22.)  Specifically:

> In Davis, the defendant was sentenced to two sets of robbery charges . . . as part of a consolidated sentence on a single judgment during a single court hearing. Davis, 720 F.3d at 216.  The Fourth Circuit held that "where a defendant receives a 'consolidated sentence' under North Carolina law, it is one sentence and absent another qualifying sentence, the [C]areer [O]ffender enhancement is inapplicable."  [Id.] at 219.
>
> . . . Petitioner has one set of consolidated charges in a single conviction for the 1996 [heroin-based] charges in Paragraph 35 and another unrelated set of consolidated charges stemming from a 1998 incident that was imposed in 1999 for [cocaine-based] charges in Paragraph 38.  Thus, unlike the situation in Davis, all the charges in Paragraphs 35 and 38 were not consolidated together as one sentence on a single day in a single judgment. Rather, they were stand-alone convictions in 1996 and 1999.

(Id. at 22-23 (internal brackets and ellipses omitted).)

In sum, all aspects of Petitioner's attack on his counsel's handling of the use made at sentencing of Petitioner's prior convictions lack merit.

### Appeal Ineffectiveness

Petitioner also has averred that his "counsel was ineffective for failing to notice a direct appeal, as instructed by

[Petitioner] . . . ." (Docket Entry 56, ¶ 12(Ground One); see also id. at 12 (signing under penalty of perjury); Docket Entry 61 at 3 ("Petitioner (after his sentencing hearing) verbally requested, that, he in fact wanted to notice an appeal . . . .").) "Once [a federal criminal defendant] unequivocally instruct[s] his attorney to file a timely notice of appeal, his attorney [i]s under an obligation to do so." United States v. Poindexter, 492 F.3d 263, 269 (4th Cir. 2007); see also Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) ("[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."); id. at 485 ("[A] defendant, by instructing counsel to perfect an appeal, objectively indicate[s] his intent to appeal and [i]s entitled to a new appeal without any further showing [of prejudice]."). Petitioner's counsel has declared under penalty of perjury that he "met with Petitioner about his limited appeal rights . . . and Petitioner personally informed counsel during that meeting that he did not want to appeal on any of these four grounds." (Docket Entry 71-1 at 4.)[8]

---

[8] In exchange for the United States not filing a notice of prior conviction under 21 U.S.C. § 851, Petitioner "expressly waive[d] the right to appeal the conviction and whatever sentence is imposed on any ground . . . excepting [his] right to appeal based upon grounds of (1) ineffective assistance of counsel, (2) prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea, (3) a sentence in excess of the statutory maximum, and (4) a sentence based on an unconstitutional factor, such as race, religion, national origin or gender."
(continued...)

16

Accordingly, resolution of this ineffective assistance claim requires an evidentiary hearing because "[t]he record in this case sets up a classic factual dispute." Gordon v. Braxton, ___ F.3d ___, ___, 2015 WL 877422, at *4 (4th Cir. 2015); see also Poindexter, 492 F.3d at 269-73 (ruling that existence of plea-bargained appeal waiver does not relieve attorney of obligation to file notice of appeal if instructed to do so by defendant).[9]

### Sentencing Ineffectiveness – *Booker*

Lastly, Petitioner's Supporting Memorandum asserts that "counsel was Constitutionally ineffective, when he failed to admonish the [C]ourt . . . that after United States v. Booker, 543 U.S. 220 (2005) the United States Sentencing Guidelines were 'only' advisory . . . and that it was at liberty to depart both horizontally and vertically (within the [C]areer [O]ffender

---

[8](...continued)
(Docket Entry 39, ¶ 5(d); see also Docket Entry 63 at 8, 11 (addressing appeal waiver at plea hearing).)

[9] Petitioner remained in state custody throughout the life of his underlying federal criminal case (see Docket Entries 10, 11, 18, 19, 28, 29, 34-37, 40-43, 49-50), qualified for court-appointed counsel at the inception of his underlying federal criminal case (Docket Entries 16, 22), went into federal custody upon sentencing (see Docket Entry 55 at 2), and apparently has remained incarcerated since then (see Docket Entries dated Sept. 5, 2012, to present (reflecting no change in Petitioner's custodial status)), circumstances that warrant an inference of current indigency, see Heidelberg v. Ephraim, No. 79C1110, 1987 WL 6616, at *1 n.1 (N.D. Ill. Feb. 9, 1987) (unpublished); as a result, Petitioner possesses the right to appointed counsel at any evidentiary hearing, see Rule 8(c), Rules Governing § 2255 Proceedings.

17

guidelines) and/or exercise its equitable powers in fashioning a remedy under a non-Guidelines sentence under 18 U.S.C. § 3553(a)[.]" (Docket Entry 61 at 7 (internal brackets and parallel citations omitted).) This claim falls short for the following reasons (as described by the United States):

> [Petitioner's counsel] argued [a number of] grounds for a reduced sentence . . . [and] present[ed] 18 U.S.C. § 3553(a) factors on behalf of Petitioner at sentencing. (See [Docket Entry 64 at] 3-9). While the [] [C]ourt ultimately declined to impose a sentence below the Guideline range, Petitioner did receive a sentence at the very bottom of the applicable Guideline range. (Id. at [] 12). In imposing the sentence, the [] [C]ourt specifically mentioned that it was taking the Guidelines into account on an "advisory basis." (Id. at [] 10). Thus, the [] [C]ourt was well aware of the advisory nature of the Guidelines and its ability to depart or vary from those Guidelines. (Id.). Because the [] [C]ourt was aware of the advisory nature of the Guidelines, Petitioner cannot establish that [his counsel] admonishing the Court about the advisory nature of the sentencing guidelines would have made a difference. Therefore, Petitioner cannot establish deficient performance or resulting prejudice and his claim should be denied . . . .

(Docket Entry 71 at 21.)

## CONCLUSION

All of Petitioner's claims fail as a matter of law based on the existing record, except his claim of ineffective assistance for failure to appeal. That failure-to-appeal claim involves material, disputed factual matters that necessitate an evidentiary hearing.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Docket Entry 56), as

amended by his Memorandum of Law in Support of his Motion pursuant to 28 U.S.C. § 2255 (Docket Entry 61) and his revised Memorandum of Law in Support of his Motion pursuant to 28 U.S.C. § 2255 (Docket Entry 67), be denied without issuance of a certificate of appealability, except as to Petitioner's failure-to-appeal claim, resolution of which should be deferred pending an evidentiary hearing.

**IT IS ORDERED** that the parties shall appear for an evidentiary hearing on Petitioner's failure-to-appeal claim at 10:00 a.m. on June 29, 2015, in Courtroom 1A of the L. Richardson Preyer United States Courthouse, Greensboro, North Carolina. Said hearing is subject to cancellation or rescheduling if the assigned District Judge determines that it need not proceed or that the undersigned Magistrate Judge should not conduct it. The United States shall take appropriate steps to secure Petitioner's presence at the scheduled hearing.

**IT IS FURTHER ORDERED** that, pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings, counsel shall be appointed to represent Petitioner on his failure-to-appeal claim.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

March 16, 2015